ARIE J. PLOEGER *vs.* EMILE H. RUCH, *Ex.*

OCTOBER 23, 1939.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

Moss, J. This is an action of assumpsit brought by the plaintiff against the executor of the will of Alvin Tillinghast, late of the city of Warwick in this state, deceased, to recover for money alleged to have been paid by mistake to the decedent at the expense of the plaintiff. On an appeal from the decision of a district court it was tried in the superior court before a justice sitting without a jury, the result being a decision in favor of the plaintiff for $194, made up of $185 principal and $9 which was added for interest by agreement of the parties. The case is now before us on a bill of exceptions by the defendant in which all the five exceptions stated are to this decision, and the grounds upon which they are based are, substantially, that the decision is against the law; that it is against the evidence; and that the amount of it is excessive.

According to the undisputed evidence, the plaintiff at some time about 1927 or 1928 bought a piece of real estate from the defendant's testator, and for a part of the purchase price gave him the plaintiff's promissory note for $4500, which bore interest at the rate of 6% per annum, payable semi-annually in advance on the 20th days of June and December, and which was secured by a mortgage upon the real estate. It was a part of the agreement between the parties that the plaintiff should pay on the principal of the note the sum of $20 per month. This he did for several years, but then, after the business depression had become very severe, he was unable to continue these payments on the principal.

In or about May 1934, the testator notified the plaintiff that the note must be paid and the plaintiff then made to the Home Owners' Loan Corporation, hereinafter referred to as the H. O. L. C., an application for a loan to take up the mortgage note. This application was granted and the mortgage indebtedness was paid by the H. O. L. C. to the testator, as of July 20, 1934, and the mortgage was satisfied. A note and mortgage on the property were then given by the plaintiff to the H. O. L. C. for the amount thus paid and the expenses of the H. O. L. C. incidental to the transaction.

The amount thus paid by the H. O. L. C. to the testator, as covering the remainder of the principal of the original mortgage indebtedness remaining unpaid on July 20, 1934, and the interest thereon accrued and unpaid at that date, was $3602. This and other facts relating to the transaction with the H. O. L. C. are set forth on a printed form which it supplied and which bears the signature of its assistant state manager, and also bears the signatures of the plaintiff and his wife as acknowledging the receipt of the funds loaned by the H. O. L. C. and as approving the disbursements as shown on the printed form. This form, which was filed as

an exhibit at the trial in the superior court, does not, however, show how much of the above sum of $3602, paid to the testator, represented principal and how much represented interest.

Later the plaintiff claimed that at the time when the above transaction was closed, July 20, 1934, the amount which he owed to the testator on the original note and mortgage was only $3400 for principal and one month's interest thereon at the rate of 6% per annum, being $17, making the total, which the mortgagee should have received, only $3417, instead of $3602, which he did receive; and that therefore the mortgagee had been overpaid by the difference of $185.

He presented this claim to the testator, the mortgagee; but the latter rejected it, asserting that he had not been overpaid. The plaintiff then did nothing further in the matter until after the testator's death, which occurred about a year and a half later. After the defendant had been appointed executor of the will of the testator, the plaintiff filed a claim against the estate in the above sum of $185, and later, on January 15, 1937, filed the present action in the district court. At the trial in that court he apparently pressed only the claim for $185, plus interest; and a decision was given for the $185, an appeal therefrom to the superior court being taken by the defendant only.

At the trial in the latter court the plaintiff testified that after the trial in the district court he had found among his papers two receipts given him by the testator for interest paid by the plaintiff on the above mortgage note; and these receipts were filed in evidence, the signature of the testator thereon being proved by the plaintiff and admitted by the defendant to be genuine. The former of these receipts is dated July 22, 1933 and shows only the payment by the plaintiff of $102.60 for interest. The latter is dated December 20, 1933 and shows only the payment by the plaintiff of $98 for interest from December 20, 1933 to June 20, 1934.

As above stated, the interest on the mortgage note was payable semi-annually in advance on the 20th days of June and December at the rate of 6% per annum.

The plaintiff testified that the interest actually payable at the date of the latter receipt was $98.40, but that, as he did not have the forty cents, the testator accepted the $98 as full payment; and that the principal must then have been $3280, to make the interest for six months at the rate of 6% per annum come to $98.40. He therefore contended that the testator was actually overpaid by more than $300.

The trial justice of the superior court found from the evidence that a mistake had been made in paying the testator and that the amount of the overpayment had been $185. He, therefore, as above stated, made a decision for that amount, to which he added $9 for interest on that amount, according to the agreement of the parties.

The defendant contends that the evidence for the plaintiff was not strong enough to overcome the effect of the figures shown by the H. O. L. C. statement of the transaction and the plaintiff's signed approval thereon of the disbursements by the H. O. L. C. shown thereby. In view however of the receipts put in evidence by the plaintiff, in support of his own testimony, we are of the opinion that the testator was overpaid by a substantial amount. We do not, however, quite agree with the trial justice as to the amount of that overpayment.

The first of the above receipts, that of July 22, 1933, for $102.60 indicates very clearly to our minds that the amount of principal was then $3420; and we are not convinced by the other receipt, the one of December 20, 1933 for $98, that the amount of principal was then reduced below $3420.

According to the plaintiff's contention that the amount of interest then payable was $98.40 and that the principal was then $3280, there must have been a payment or pay-

ments on principal between June 20 and December 20, 1933 aggregating $140; and yet there is nothing, except the latter receipt, to support any such payment, and it is contrary to other testimony by the plaintiff. It seems clear to us, from his other testimony, that he made no payment on the principal of the mortgage note after the first few years next following its date; and we cannot believe that he could have forgotten payments on principal, in about six months of 1933, aggregating so large a sum as $140. In our judgment it is very much more probable that on December 20, 1933 he was unable to pay more than $98 and therefore the testator accepted that amount as in payment of the interest for the next six months on $3420.

Taking that as the correct amount of principal on July 20, 1934, the testator was then entitled also to $17.10 for one month's interest, making a total amount of $3437.10 then payable to him, instead of $3602, the amount which he actually received. In our opinion, then, he was overpaid, at the expense of the plaintiff, in the amount of $164.90, instead of $185, as found by the trial justice. Reducing proportionately the item of interest thereon from the agreed upon sum of $9 would make that item $8.02. With these changes, the correct amount of the judgment to be entered should, in our opinion, be $172.92.

The defendant's fifth exception, which is based on the ground of excessive damages, is sustained; his other exceptions are overruled; and the case is remitted to the superior court for a new trial, unless on or before November 8, 1939, the plaintiff shall file in the office of the clerk of the superior court a remittitur of all damages in excess of $172.92. If the plaintiff shall file such remittitur, the superior court is directed to enter judgment for the plaintiff in the amount of $172.92.

*Russell H. Hawkins*, for plaintiff.

*Emile H. Ruch*, for defendant.